## SUMNER *against* LYON and others.

Where a farm of land, lying partly in the town of *A.* and partly in the adjoining town of *P.*, was mortgaged, and afterwards an execution was levied on the equity of redemption ; and the equity of redemption in the land in *A.* was appraised at a certain sum, and that in *P.*, at a certain other sum ; and the officer set off to the creditor "such part or proportion of the whole of said equity of redemption in each and every of said described premises, both in *A.* and *P.*, as the execution debt and charges bore to the whole of said equity of redemption ;" it was held, that the creditor acquired no title by virtue of such levy.

THIS was a bill in chancery against the mortgagees of one *Thomas Lyon*, to redeem mortgaged estate. The plaintiff founded his title on the levy of an execution upon the equity of redemption of the mortgagor. The estate mortgaged was a farm of land, consisting of one connected tract, situate in part in the town of *Ashford*, and in part in the adjoining town of *Pomfret*. The equity of redemption in the land within the town of *Pomfret*, was appraised at 415 dollars, 31 cents ; and that within the town of *Ashford*, at 433 dollars, 35 cents. The execution debt, with the costs of levy, amounted to 531 dollars, 85 cents. The officer set off to the execution creditor "such part or proportion of the whole of said equity of redemption in each and every of said described premises, both in said *Pomfret* and in said *Ashford*, as the execution debt and charges bore to the whole of said equity of redemption."

On the hearing, at *Brooklyn, January* term, 1828, before *Lanman*, J., the execution and the officer's return thereon, were offered in evidence, in support of the plaintiff's title ; to the

*Windham,*
July, 1828.

Sumner
*v.*
Lyon.

admission of which the defendants objected; but the court overruled the objection and admitted the evidence; and thereupon a decree was passed in the plaintiff's favour. The defendants then moved for a new trial.

*Strong,* in support of the motion, contended, 1. That an equity of redemption being one and indivisible, the appraisers could not apportion the debt; and no apportionment could be made of the equity of redemption in the land in one town separately from that in the other town   *Scripture v. Johnson,* 3 *Conn. Rep.* 211.   *Hobart* v. *Frisbie,* 5 *Conn Rep.* 594.

2. That if such appraisal could be made, the plaintiff's title is still invalid, as it appears by the return, that the whole debt has been twice satisfied.

*Goddard* and *Holbrook,* contra.

HOSMER, Ch. J.   The only enquiry in the case regards the plaintiff's title; and the specific question is, whether the execution was duly levied.

It is the appropriate legal duty of the officer to set off to the creditor so much of the estate levied on, as will pay his debt and the levying charges; and if it be done legally, the estate thus appropriated becomes the property of the creditor. Now, it is demonstrably apparent, that the estate set off in this case, is equivalent to a double payment of the execution debt. This will be rendered perfectly obvious, by the statement of a supposed case on the principle of the levy, in which the execution debt and the equity of redemption shall consist of an amount easily remembered.

Suppose *A.* owes *B.* 500 dollars, and to secure it mortgages a farm lying in two towns; the half in value being in one town, and the other half in the other town. The equity of redemption is worth precisely 2000 dollars. It is clear, that the execution ought so to be levied as to convey to the creditor the one fourth part of the equity. Instead of this, the officer sets off to the creditor such proportion of the equity of redemption in one of the towns as the debt and the whole equity of redemption bear to each other, *i. e.* the one fourth part of the mortgagor's estate. By this process, the creditor obtains the full satisfaction of his debt. But not satisfied with this, the officer proceeds. and sets off the same proportion of the equi-

ty of redemption in the other town ; and thus the creditor has payment of his debt a second time ; that is, the creditor obtains the one fourth part of the equity of redemption, by the levy in one town, in full satisfaction of his demand, and then another fourth, in the adjoining town.

The same erroneous proceeding distinguishes this case. The officer set off such proportion of the property in the town of *Ashford*, as the whole debt bore to the whole equity, and then appropriated the same amount of property in the town of *Pomfret.* The expression of his return requires this construction. Having ascertained the proportion of the property set off, by comparing the debt with the whole equity of redemption, he appropriates the property embraced within this comparison to the estate of the mortgagor in the aforesaid equity " in each and every of said described premises both in said *Pomfret* and in said *Ashford ;*" that is, the creditor is to have the proportion defined in the property lying in one of the towns, and then the same proportion in the other. And thus, if the levy were held good, the creditor would obtain a double satisfaction of his demand.

The officer should have set off such a proportion of the equity of redemption, (which is entire and indivisible) as the debt and charges bore to the whole equity ; and there he should have stopped. But instead of this, he twice sets off the above proportion of the equity, evidently and erroneously supposing, that the equity of redemption in one town, was distinct from that in the other. Were it even so, the proceeding would still be erroneous.

It has been suggested, that it was the intention of the officer to set off a sufficiency of the estate to pay the execution debt, and no more. Whether the supposition is well founded is a question of fact, which the court has no means of deciding. The plaintiff's bill contains no such averment, and the point must be put in controversy, and the fact be found, before the court can pronounce on its legal effect.

The plaintiff has no title, by virtue of the execution levy ; and the decision of the court below was manifestly incorrect. A new trial, therefore, is advised.

The other Judges were of the same opinion, except BRAINARD, J., who was absent.

New trial to be granted.